UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SETH HARRIS,<br>  Acting Secretary,<br>   United States Department of Labor | CIVIL ACTION |
| VERSUS | NO. 13-4914 |
| IDEAL DISCOUNT MARKET,<br>  250 S. Broad, Inc., d/b/a Ideal Discount<br>  Market, et al. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court are two motions to dismiss filed by Defendants Monadel Elbarqa, Nofal Haifa, Gassan Kaki, Hamdallah Kaki, and Muwafak Kaki (hereinafter, the "Individual Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Given the filing of Plaintiff's Amended Complaint (Rec. Doc. 7), **IT IS ORDERED** that the Individual Defendants' first motion to dismiss (Rec. Doc. 5) is **DENIED**. Having carefully considered the parties' submissions and applicable law, **IT IS FURTHER ORDERED** that Individual Defendants' second motion to dismiss (Rec. Doc. 10) is the motion is **GRANTED** to the extent stated herein.

**IT IS FURTHER ORDERED** that, if Plaintiff desires to proceed further with the FLSA claims asserted against the Individual Defendants, Plaintiff must seek leave, no later than twenty (20) days from the entry of this Order and Reasons, to file a second amended and superseding complaint remedying the pleading deficiencies identified herein relative to those claims. The second amended and superseding complaint must include all of the allegations from Plaintiff's original and first amended complaints (Rec. Docs. 1 and 7) on which Plaintiff continues to rely, as

well as his allegations, such that the case can proceed on the basis of the second amended and superseding complaint without requiring further reference to the original or first amended complaint. If Plaintiff cannot, or does not, cure these deficiencies by timely amendment, the Court shall, upon appropriate motion by the Individual Defendants, order its dismissal of these claims to be with prejudice.

## BACKGROUND

Pursuant to his authority under the Fair Labor Standards Act of 1938 (the Act or FLSA), 29 U.S.C. §§ 201 et seq., Plaintiff has filed the instant action – an FLSA enforcement action – against the Individual Defendants alleging willful violations of the Act's overtime and record-keeping provisions relative to 55 employees listed on Exhibit A to Plaintiff's Amended Complaint.[1] Plaintiff has filed the same allegations against Ideal Discount Market, 250 S. Broad, Inc. d/b/a Ideal Discount Market, Kaki and Son LLC d/b/a Ideal Market #6, Kaki Inc d/b/a Ideal Discount Market #1, Morales Brothers, LLC d/b/a Ideal Market, Rampart Fuel LLC d/b/a Ideal Market, and P.R Enterprises Inc. d/b/a Ideal Discount Market #4 (collectively referred to as the "Corporate Defendants"). According to Plaintiff, the "Individual Defendants manage, own and/or operated the Corporate Defendants (collectively referred to as the "Defendants.)"[2] In their second Rule 12(b)(6) Motion to Dismiss, the Individual Defendants argue that the First Amended Complaint does not allege specific facts to support an inference that the Individual Defendants are covered employers (along with the Corporate Defendants) under the FLSA.

---

[1] See Rec. Docs. 7 and 7-1.

[2] See Opposition Memorandum (Opp.), Rec. Doc. 13, p. 2 of 10.

## **LAW AND ANALYSIS**

Rule 8 of the Federal Rules of Civil Procedure requires that complaints provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, in evaluating motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal,* 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Id.* Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* (internal quotations omitted). Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009); see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted). See also *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue). And, in evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.), *cert. denied,* 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 678 (quoting Fed. Rule Civ. P. 8(a)(2)).

Plaintiff's original complaint includes the following allegations relative to the Individual Defendants:

> Defendant Muwafak "Mike" Kaki has a place of business and is doing business within the jurisdiction of this Court. He is an officer of the Corporate Defendants. He actively manages, supervises and directs the business affairs and operations of the Corporate Defendants. He acts and has acted, directly and indirectly, in the interest of Defendants in relation to their employees and is an employer of these employees within the meaning of the Act.[3]
>
> Defendant Hamdallah "Mario" Kaki has a place of business and is doing business within the jurisdiction of this Court. He is a registered agent of Kaki, Inc. d/b/a Ideal Discount Market #1 and an officer of Morales Brothers, LLC d/b/a Ideal Market. He actively manages, supervises and directs the business affairs and operations of the Corporate Defendants, including at 250 S. Broad, Inc. d/b/a Ideal Discount Market. He acts and has acted, directly and indirectly, in the interest of Defendants in relation to their employees and is an employer of these employees within the meaning of the Act.[4]
>
> Defendant Gassan "Jimmy" Kaki has a place of business and is doing business within the jurisdiction of this Court. He is an officer of Kaki, Inc. d/b/a Ideal Discount Market #1. He actively manages, supervises and directs the business affairs and operations of the Corporate Defendants, including at Kaki Inc d/b/a Ideal Discount Market #1, Rampart Fuel LLC d/b/a Ideal Market, and P.R Enterprises Inc d/b/a Ideal Discount Market #4. He acts and has acted, directly and indirectly, in the interest of Defendants in relation to their employees and is an employer of these employees within the meaning of the Act.[5]
>
> Defendant Monadel "Cory" Elbarqa has a place of business and is doing business within the jurisdiction of this Court. He actively manages, supervises and directs the business affairs and operations of the Corporate Defendants, including at Defendant Kaki and Son LLC d/b/a Ideal Market #6 and Morales Brothers, LLC d/b/a Ideal

---

[3] See Rec. Doc. 1, ¶9.

[4] *Id.* at ¶10.

[5] *Id.* at ¶11.

> Market. He acts and has acted, directly and indirectly, in the interest of Defendants in relation to their employees and is an employer of these employees within the meaning of the Act.[6]
>
> Defendant Nofal "George" Haifa has a place of business and is doing business within the jurisdiction of this Court. He actively manages, supervises and directs the business affairs and operations of the Corporate Defendants, including at Defendant 250 S. Broad, Inc. d/b/a Ideal Discount Market. He acts and has acted, directly and indirectly, in the interest of Defendants in relation to their employees and is an employer of these employees within the meaning of the Act.[7]

Plaintiff's Amended Complaint adds the following assertion relative to each of the Individual Defendants:

> During the period since August 11, 2010, he has or had the power to hire and fire employees listed on Exhibit A of the Complaint; supervised or controlled work schedules and/or the conditions of employment of employees listed on Exhibit A; could determine the rate or method of payment of employees listed on Exhibit A; and maintained or should have maintained employees records for the employees listed on Exhibit A. He is or was an FLSA employer of employees listed on Exhibit A. He implements or implemented a work schedule for employees listed on Exhibit A that included employees working more that 40 hours per work week.[8]

The Amended Complaint also alleges, in paragraph 14:

> Defendants have threatened current and/or former employees regarding deportation. Further Defendants have coerced or attempted to coerce current and/or former employees to prevent employees from cooperating with the U.S. Department of Labor, Wage and Hour Division in its investigation regarding overtime back wages that resulted in this complaint.[9]

Plaintiff contends that the Individual Defendants are "employers" (along with the

---

[6] *Id.* at ¶12.

[7] *Id.* at ¶13.

[8] See Rec. Doc. 7, ¶¶ 9-13.

[9] *Id.* at ¶14.

Corporate Defendants) under the FLSA. As explained by this Court in *Baricuatro v. Industrial Personnel and Management Services, Inc.*, Civil Action No. 11-2777, 2012 WL 5302418, * 4 (E.D. La., Oct. 25, 2012)(Engelhardt, J.):

> Under the FLSA, an " '[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  Thus, while "merely being an officer or shareholder" will not subject an individual to FLSA liablity, "employer status may be appropriate where operational control coincides with one's position as a shareholder, officer, or owner." *Gray v. Powers,* 673 F.3d 352, 355-56 (5th Cir. 2012).  The Fifth Circuit uses the "economic reality" test to evaluate whether a person possesses such operational control with respect to the employment relationship. *Id.* at 354, 357.  In applying this test, the Court considers whether the person:  "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 355 (quotations omitted).  "While each element need not be present in every case," the person must have control over at least certain aspects of the employment relationship. *Id.* at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer.")

The Court finds Plaintiff's allegations relative to the Individual Defendants insufficient to satisfy the requirements of Rule 8 for essentially the reasons stated in the memorandum filed in support of the Individual Defendants' motion. See Rec. Doc. 10-1.  As an initial matter, Plaintiff offers no factual allegations connecting any of the 55 employees listed on Exhibit A to any of the Individual Defendants or to any specific store location.  Nor does Plaintiff provide any underlying facts to support the allegations that the Individual Defendants are "employers" for purposes of establishing individual liability under the FLSA.  Rather, Plaintiff merely provides a  boilerplate recitation of the elements of the economic reality test.

7

For instance, the Amended Complaint offers no factual details outlining the Individual's Defendant's specific roles at any of the involved stores and/or the nature of their interaction with each of the 55 employees. Conclusory assertions are not enough. Indeed, no allegations are offered identifying the particular store location(s) at which *any* of the 55 employees or the Individual Defendants worked. Nor is it alleged that the employees or Individual Defendants worked at *all* of the store locations. Similarly, although Plaintiff asserts that "Defendants" threatened the 55 employees regarding deportation, no details or other description of conversations or other forms of communications between the Individual Defendants and any of the employees is offered.

Although the Court recognizes that Plaintiff presently may not be in possession of facts sufficient to bear his burden of proof relative to establishing "employer" liability against each of the Individual Defendants as to one or more of the individuals listed on Exhibit A to the Amended Complaint, naked assertions devoid of factual enhancement are insufficient to state a claim to relief that is facially plausible on its face. Accordingly, for the reasons stated, Individual Defendants motion to dismiss Plaintiff's Amended Complaint is granted. Absent amendment in accordance with the instructions provided above, Plaintiff's FLSA claims against the Individual Defendants shall be dismissed with prejudice.

New Orleans, Louisiana, this 4th day of June 2014.

**KURT D. ENGELHARDT**
**United States District Judge**