UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, ) | |
| United States Department of Labor, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-cv-4914 |
| ) | |
| IDEAL DISCOUNT MARKET, 250 S. Broad, ) | |
| Inc. d/b/a Ideal Discount Market, Kaki and Son ) | Judge:  Kurt D. Engelhardt |
| LLC d/b/a Ideal Market #6, Kaki Inc d/b/a Ideal ) | |
| Discount Market #1, Morales Brothers, LLC ) | Magistrate:  Karen Wells Roby |
| d/b/a Ideal Market, Rampart Fuel LLC d/b/a ) | |
| Ideal Market, P.R Enterprises Inc d/b/a Ideal ) | |
| Discount Market #4, Muwafak "Mike" Kaki, ) | |
| Hamdallah "Mario" Kaki, Gassan "Jimmy" ) | |
| Kaki, Monadel "Cory" Elbarqa, and Nofal ) | |
| "George" Haifa, Individually and Jointly, ) | |
| ) | |
|       Defendants. ) | |
| ) | |

CONSENT JUDGMENT AND ORDER

      Plaintiff has filed his complaint and Ideal Discount Market, 250 S. Broad, Inc. d/b/a Ideal Discount Market, Kaki and Son LLC d/b/a Ideal Market #6, Kaki Inc d/b/a Ideal Discount Market #1, Morales Brothers, LLC d/b/a Ideal Market, Rampart Fuel LLC d/b/a Ideal Market, P.R Enterprises Inc d/b/a Ideal Discount Market #4, and Muwafak "Mike" Kaki, Hamdallah "Mario" Kaki, Gassan "Jimmy" Kaki, Monadel "Cory" Elbarqa, and Nofal "George" Haifa ("Defendants") without admitting they have violated any provision of the Fair Labor Standards Act of 1938 or admitting to any of the allegations in the Complaint, as amended, have agreed to the entry of judgment without contest.  It is, therefore, upon motion of the Plaintiff and for cause shown,

ORDERED that all claims against the following named individual Defendants are dismissed, with prejudice: Monadel "Cory" Elbarqa, Nofal "George" Haifa and Hamdallah "Mario" Kaki.

ORDERED that Ideal Discount Market, 250 S. Broad, Inc. d/b/a Ideal Discount Market, Kaki and Son LLC d/b/a Ideal Market #6, Kaki Inc d/b/a Ideal Discount Market #1, Morales Brothers, LLC d/b/a Ideal Market, Rampart Fuel LLC d/b/a Ideal Market, P.R Enterprises Inc d/b/a Ideal Discount Market #4, Muwafak "Mike" Kaki and Gassan "Jimmy" Kaki, their officers, agents, servants, employees and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 6, 7 & 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1.  Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less the minimum hourly rates required by Section 6 of the Act.

2.  Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by them, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

4. Defendants' officers, agents, managers, and supervisors hereby are permanently enjoined and restrained from violating Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3) with respect to the employees named in Exhibit A.[1]

5. Defendants are enjoined from withholding minimum wages and overtime compensation in the amount of $403,344.08 (including an additional one (1) percent interest) which is due to Defendants' employees named in Exhibit "A" for the period August 11, 2010 through August 10, 2012.  To comply with this provision, Defendants shall deliver to the Plaintiff twenty-five (25) cashier's or certified checks or money orders payable to "Wage and Hour Division, U.S. Department of Labor" mailed to U.S. DOL Wage Hour Division, Southwest Regional Office, Attn:  Teronika Gaines, 525 Griffin, Suite 800, Dallas, Texas 75202 in the amounts and at the times herein set forth:

    a. Payment #1:  The first installment payment of $80,000.00 (20% down payment) is due and payable on October 25, 2015.

    b. Payments #2 through Payment #25:  Payments of $13,472.67 (including an additional one (1) percent interest) in a total of twenty-four (24) consecutive

---

[1] Section 15(a)(3) of the Act states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

3

        monthly installment payments.  The first payment $13,472.67 is due and payable on or before November 25, 2015 and the remaining equal, monthly installments are due and payable on or before the twenty-fifth of each succeeding month through October 25, 2017.  The final installment payment of $13,472.67 is due and payable on or before October 25, 2017.

    c.    Plaintiff shall make appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions.  In the event that any of the money cannot be distributed and paid by Plaintiff within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States.  In the event of default by the Defendants, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.  Any defaulted balance shall be subject to the assessment of collection fees, court costs, and administrative costs.

6.    The right of Defendants' employees not specifically named in Exhibit A to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. § 216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar an action and the statute of limitations in such action shall be governed by 29 U.S.C. §255(a).  The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of Defendants, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to

have occurred after August 10, 2012, except Enma Selena Teruel.  With regard to Ms. Teruel, the parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or Ms. Teruel in any action filed by the Secretary of Labor, or by Ms. Teruel, under the Act covering violations alleged to have occurred between November 1, 2013 and April 6, 2014.

7.	Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 3rd day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE

**For Defendants:**

By: _____

MUWAFAK H. KAKI, Individually and on Behalf of Ideal Discount Market, 250 S. Broad, Inc. d/b/a Ideal Discount Market, Kaki and Son LLC d/b/a Ideal Market #6, Kaki Inc d/b/a Ideal Discount Market #1, Morales Brothers, LLC d/b/a Ideal Market, Rampart Fuel LLC d/b/a Ideal Market, P.R. Enterprises Inc. d/b/a Ideal Discount Market #4

_____

GASSAN KAKI, Individually

_____

TIMOTHY H. SCOTT
MICHELLE I. ANDERSON
Counsel for Defendants
Fisher & Phillips, LLC.
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Phone: 505-522-3303
Facsimile: 504-529-3850

**For Plaintiff:**

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel Wage and Hour

By: _____  10/21/2015

KARLA JACKSON EDWARDS
Counsel for Plaintiff
U. S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Phone: 972-850-3125
Facsimile: 972-850-3101

**Exhibit A**

1. Alvarado, Leticia
2. Alvarado, Miriam E.
3. Barahona, Blanca
4. Barahona, Osman O.
5. Cantarero, Maria L.
6. Castillo, Darwin
7. Darwish, Ali
8. Diaz, Melvin
9. Flores, Cesar O.
10. Flores, Marlon
11. Gallegos-Sanchez, Julio
12. Gomez, Yuri
13. Gonzalez, Jesus
14. Gusman, Lisandra
15. Guzman, Marlon
16. Hamida, Iyad
17. Hamida, Thaer
18. Herrera, Marvin
19. Hijaz, Adham
20. Hijaz, Fadi
21. Juarez, Paula
22. Lazaro, Diego
23. Lorenzo, Cirino
24. Marconi, Marjorie
25. Martinez, Alex
26. Martinez, Deyla E.
27. Martinez, Olga D.
28. Martinez, Rosalina
29. Matute, Wilfreda
30. Mendez Martinez, Elida E.
31. Moncada, Johnny
32. Moradel, Ivis
33. Morales Gonzales, Sergio G
34. Morales Soza, Enrique
35. Murcia, Daisy
36. Nunez, Carlos E
37. Ochoa, Luis
38. Orellana, Jose J
39. Owdi, Nidal
40. Perez, Carmen
41. Ramirez, Pablo
42. Ramos Martinez, Julio Cesar
43. Reyes, Jesus
44. Reyes Arias, Juan J.
45. Reyes Arias, Henry
46. Reyes Arias, Francisco
47. Rivera, Ana
48. Rivera, Jackelin
49. Rodriguez, Deyla
50. Rodriguez Soto, Irma
51. Sabillon, Argentina
52. Sanchez, Doris M.
53. Soufi, Ahmed O.
54. Teruel, Enma Selena
55. Torres Mendez, Omar
56. Ulloa, Ana